1

2

3

4

5

6

7

8

9

10                          UNITED STATES DISTRICT COURT

11                     FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13   GLORIA THIESSEN, by and through her         No.  2:17-cv-02043-TLN-DB
     Guardian Ad Litem, PAM THIESSEN,
14
                   Plaintiff,
15                                               **ORDER REMANDING CASE**
          v.
16
     FOLSOM INVESTORS, L.P., et al.,
17
                   Defendants.
18

19          This matter is before the Court on Plaintiff Gloria Thiessen's ("Plaintiff") Motion to

20   Remand.  (ECF No. 6.)  Folsom Investors, L.P., Folsom Group, LCC, Jerry Erwin Associates,

21   Inc., and Josef A. Dunham ("Mr. Dunham") (collectively "Defendants") oppose the motion.[1]

22   (ECF No. 10.)  For the reasons set forth below, the Court hereby GRANTS Plaintiff's Motion to

23   Remand.  (ECF No. 6.)

24   / / /

25   / / /

26

27   ─────────────────────
     [1]        Defendants contend that the complaint erroneously names JEA Senior Living Inc. where it should have
28   named Jerry Erwin Associates, Inc.  (ECF No. 1.)  This is immaterial to the resolution of the instant motion and
     mentioned solely for the sake of completeness.

                                                    1

## I.    INTRODUCTION AND BACKGROUND

Plaintiff, who suffers from dementia, filed the instant action in the Superior Court of California, County of Sacramento, by and through her guardian ad litem, Pam Thiessen.  Her complaint contains the following six causes of action: (1) "Elder Neglect/Abuse" against all Defendants; (2) "Negligence/Negligence Per Se" against all Defendants; (3) violation of "Resident's Bill of Rights" against all Defendants; (4) "Fraud/Misrepresentation" against all Defendants; (5) "Financial Elder Abuse" against all Defendants; and (6) "Unfair Business Practices" against all Defendants.  (ECF No. 1 at 15–46.)

Defendants removed this action pursuant to 28 U.S.C § 1441, solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).  (ECF No. 1.)  The parties agree that the amount in controversy exceeds $75,000.  (*Compare* ECF No. 1 at 5 *with* ECF No. 6-1.)  Defendants take the position that Defendants (other than Dunham) are citizens of Washington for purposes of diversity.  (*See, e.g.*, ECF No. 1 at 2–3.)  Plaintiff does not take issue with this in her submissions. (*See* ECF Nos. 6-1 & 14.)  Finally, it is undisputed that both Plaintiff and Defendant Dunham are citizens of California for diversity purposes.  (*Compare* ECF No. 1 at 5 *with* ECF No. 6-1 at 2.) Nevertheless, it is Defendants' position that this action is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a) because they contend Defendant Dunham "was fraudulently joined in this lawsuit, and his [citizenship] cannot be considered for purposes of determining diversity."  (ECF No. 1 at 2–3.)

Whether Defendant Dunham was "fraudulently joined as a party to defeat diversity jurisdiction" is the sole focus of the parties' submissions with respect to the instant motion. (*Compare* ECF No. 6-1 at 1–2 *with* ECF No. 10 at 2.)  To streamline the Court's analysis of the parties' arguments, the Court will briefly set out the legal standard governing removal and fraudulent joinder.

## II.    STANDARD OF REVIEW

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great Northern R.*

*Co. v. Alexander*, 246 U.S. 276, 280 (1918)).  The general removal statute, 28 U.S.C. § 1441,

permits the removal to federal court of any civil action over which "the district courts of the

United States have original jurisdiction."  28 U.S.C. § 1441(a).  Removal is proper under § 1441

only if the district court could have exercised jurisdiction over the action had it originally been

filed in federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Courts "strictly

construe [28 U.S.C. § 1441] against removal jurisdiction," and "the defendant always has the

burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

1992).  Furthermore, "[i]f the district court at any time determines that it lacks jurisdiction over

the removed action, it must remedy the improvident grant of removal by remanding the action to

state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the

complaint contains a cause of action that is within the original jurisdiction of the district court."

*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  Under 28 U.S.C. § 1332(a),

"federal district courts have [diversity] jurisdiction over suits for more than $75,000 where the

citizenship of each plaintiff is different from that of each defendant."  *Id*. at 1043.  "Although an

action may be removed to federal court only where there is complete diversity of citizenship, 28

U.S.C. §§ 1332(a), 1441(b), one exception to the requirement for complete diversity is where a

non-diverse defendant has been fraudulently joined."  *Id*. (internal quotation marks omitted).

"Fraudulent joinder is a term of art."  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339

(9th Cir. 1987).  "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's

presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to

state a cause of action against [that non-diverse] defendant, and the failure is obvious according to

the settled rules of the state.'"  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.

2001) (quoting *McCabe* , 811 F.2d at 1339).  In addition to the "strong presumption against

removal jurisdiction," there is a "general presumption" against finding there has been a fraudulent

joinder.  *Hunter*, 582 F.3d at 1042, 1046.  Thus, the Ninth Circuit has explained that a party

relying on a fraudulent joinder theory to demonstrate removal is appropriate has a "heavy

burden."  *Id*.  The party seeking removal "is entitled to present the facts showing the joinder to be

fraudulent." *Morris*, 236 F.3d at 1067. However, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

### III. ANALYSIS

The Court finds that this action must be remanded for two separate reasons. The first of these the Court raises *sua sponte*. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that federal courts are "obligated to consider *sua sponte* whether [they] have subject matter jurisdiction"). Defendants seem to assume — and Plaintiff has not challenged — that Defendant Folsom Investors, L.P. takes its citizenship for diversity purposes from one (if not all) of the following: the principal place of business of the limited partnership, which Defendants indicate is Washington; and the citizenship of its general partner, which Defendants suggest is a Washington by noting the general partner is a "limited liability company formed in the State of Washington[,] under the laws of the State of Washington[, and whose] members are all citizens of Washington." (ECF No. 1 at 4.)

The Supreme Court has long made it clear that "a limited partnership is deemed to be a citizen [for diversity purposes] of every state of which any of its general or limited partners is a citizen." *Evans v. California*, No. 17-cv-00531-BAS-BGS, 2017 WL 3605378, at *2 (S.D. Cal. Aug. 21, 2017) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)). Defendants make no effort to identify the citizenship of their limited partners. For this reason alone, Defendants do not meet their burden to show that removal is proper. Moreover, given Defendants' apparent ignorance of the rule for limited partnerships and its similarities to the rule for limited liability companies, the Court is not inclined to accept Defendants' assertion about the citizenship of Folsom Investors, L.P.'s general partner. *See id.* ("[A]n LLC is a citizen of every state of which its owners/members are citizens.") (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). This presents its own problem as the general partner, Folsom Group, LCC, is also a Defendant. Consequently, even if Defendants met their burden with respect to fraudulent joinder, the Court would nevertheless remand the instant action.

With this in mind, the Court turns to the parties arguments. Plaintiff begins with the

premise that Defendant Dunham is not fraudulently joined if Plaintiff has stated a cause of action against him that does not obviously fail according to the settled rules of the state of California. (*See* ECF No. 6-1 at 5–6.)  Defendants do not take issue with this premise.  (*See generally* ECF No. 10.)  In any event, it is plainly correct.  *See Morris*, 236 F.3d at 1067.  From this premise, Plaintiff argues she "easily states a valid cause of action against [Defendant] Dunham for elder abuse/neglect."[2]  (ECF No. 6-1 at 6.)  Her argument consists of the following three points: First, citing a published opinion from the California Supreme Court, Plaintiff argues "nursing home administrators can be held individually liable for elder abuse."  (ECF No. 6-1 at 6 (citing *Delaney v. Baker*, 20 Cal. 4th 23 (1999).)  Second, Plaintiff contends she has adequately alleged that Defendant Dunham is such an administrator under California law.  (ECF No. 6-1 at 3, 6–7.)  Third, citing California jury instructions, Plaintiff engages in an element-by-element analysis in support of her contention that she has adequately pleaded her elder abuse claim against Defendant Dunham.  (ECF No. 6-1 at 6–9.)

Defendants' opposition plainly fails to meet its heavy burden to demonstrate that its otherwise non-removable case is removable on the basis of fraudulent joinder.  As Plaintiff correctly observes, Defendants largely ignore her arguments.  (*See* ECF No. 14 at 1, 3–4.) Instead, Defendants attempt to advance two arguments.  First, Defendants argue an employee may never be held personally liable under California law if (i) that employee "was at all times acting in the course and scope of his employment" and (ii) did not "act[] on his own initiative." (*See* ECF No. 10 at 3.)  Second, Defendants suggest that Plaintiff's motion should not be granted because "Plaintiff . . . fails to identify any binding authority supporting remand when a non-diverse defendant who happens to be acting in the course and scope of employment of a diverse defendant has been fraudulently joined as a party."  (ECF No. 10 at 4.)

The Court will briefly address these two arguments.  With respect to Defendants' first argument, the Court will make two preliminary points.  First, none of the cases cited by Defendants deal with elder abuse.  (*See* ECF No. 10 at 3–4.)  Second, only two of these cases

---

[2]  It is apparent that Plaintiff's focus on her first cause of action is not a concession with respect to the viability of her other causes of action.  (*See, e.g.*, ECF No. 6-1 at 9 n.3.)

5

even deal with California law.  (*See, e.g.*, ECF No. 10 at 3–4 (citing cases applying the laws of Hawaii, Texas, and Louisiana, respectively).)  The Court will limit its discussion to the only binding authority Defendants cite in support of their first argument, *McCabe*, which Defendants describe as "control[ing]" and "indistinguishable" from the instant action.  (ECF No. 10 at 2–3.)

It is immediately obvious that Defendants misread *McCabe*.  There, the plaintiff in a wrongful discharge case sought to proceed against his employer, along with two of his managers, whom the plaintiff claimed had him terminated "in part" due to their ill will towards him. *McCabe*, 811 F.2d at 1137–39.  In relevant part, the Ninth Circuit concluded the joinder of the managers was fraudulent.  *Id.* at 1139.  The Ninth Circuit reached this conclusion because "it [wa]s clear that 'if an advisor is motivated in part by a desire to benefit his principal,' his conduct is, under California law, privileged."  *Id.* (quoting *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321 (9th Cir.1982)).  The following passage from *Los Angeles Airways* indicates which "privilege" is at issue:

> California law has long recognized a cause of action against a defendant who, without a privilege to do so, intentionally induces a third person to breach his contract with another.  California similarly recognizes a cause of action for interference with an advantageous business relationship which does not rise to the status of a contractual relationship.  The tort of interference with an advantageous business relationship, although of more recent origin, appears to be subject to the same defense of privilege that insulates a party from liability for inducing a breach of contract.
>
> The existence and scope of the privilege to induce a breach of contract must be determined by reference to the societal interests which it is designed to protect.  *The privilege exists whenever a person induces a breach of contract through lawful means in order to protect an interest that has a greater social value than the mere stability of the particular contract in question*. The privilege is designed in part to protect the important interests served by the confidential relationship between a fiduciary and his principal.

*Los Angeles Airways*, 687 F.2d at 325 (internal citations omitted).

Not only is *McCabe* not "control[ing]" and "indistinguishable" as Defendants suggest, nothing offered by Defendants suggests the specific California privilege at issue in *McCabe* or *Los Angeles Airways* has any application to Plaintiff's elder abuse claim.  (ECF No. 10 at 2–4.) Simply put, Defendant's first argument cannot survive close scrutiny.  The same is true of their

second argument.  Defendants offer nothing whatsoever in support of their position that Plaintiff has a burden to find a case identical with the instant action before remand is appropriate.[3]  The burden is on Defendants to show this action is removable — not the other way around.

**IV.   CONCLUSION**

For the foregoing reasons, the Court hereby remands this action to the Superior Court of California, County of Sacramento.


IT IS SO ORDERED.


Dated: February 20, 2018

Troy L. Nunley
United States District Judge

---

[3]      The Court assumes this is what Defendants are actually demanding.  If taken literally, Defendants' second argument seeks a case "*supporting remand* when a *non-diverse defendant* who happens to be acting in the course and scope of employment of a diverse defendant *has been fraudulently joined* as a party."  (ECF No. 10 at 4 (emphasis added).)  Such an argument requires no further discussion beyond noting that it assumes away what Defendants elsewhere describe as the "only issue contested [in this motion]" — "whether . . . [Defendant] Dunham was fraudulently joined as a party to defeat diversity jurisdiction."  (ECF No. 10 at 2.)